# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5046**                                                        **September Term, 2024**

1:25-cv-00400-AHA
1:25-cv-00402-AHA

**Filed On:** February 26, 2025

AIDS Vaccine Advocacy Coalition and
Journalism Development Network, Inc.,

        Appellees

   v.

United States Department of State, et al.,

        Appellants

------------------------------

Consolidated with 25-5047

      **BEFORE:**    Pillard, Pan, and Garcia, Circuit Judges

## O R D E R

      Upon consideration of the emergency motion for immediate administrative stay and for stay pending appeal and the opposition thereto, which is combined with a motion to dismiss the appeal, it is

      **ORDERED** that the motion to dismiss be granted. Appellants have not shown that the district court's February 25, 2025, minute orders, which enforced previously entered temporary restraining orders ("TROs"), had the effect of granting an injunction that is appealable under 28 U.S.C. § 1292(a)(1). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (holding that the party asserting jurisdiction bears the burden of establishing it).

      Appellants did not appeal the district court's TROs. They now ask us to stay the orders enforcing the TROs. A TRO is a temporary measure to preserve the *status quo ante* during the pendency of proceedings for preliminary or permanent injunctive relief. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2951 (3d ed. June 2024 update). TROs are generally unappealable because review "before the district court has finished its work and issued a ruling on the preliminary injunction" would "disrupt, if not render obsolete, the proceedings in the district court." *See*

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5046**                                          **September Term, 2024**

*Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at *5 (D.C. Cir. Feb. 15, 2025). That reasoning applies with at least the same force to a later-issued order seeking to enforce an unappealed TRO. Appellants cite no case that has held that such a later-issued supporting order is appealable.

Appellants argue that the enforcement orders are appealable under 28 U.S.C. § 1292(a)(1) because they go beyond preserving the *status quo ante* and impose "serious, perhaps irreparable consequences" that can be effectually challenged only by immediate appeal. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 90 (1981); *Adams v. Vance*, 570 F.2d 950, 953 (D.C. Cir. 1978). Appellants, however, have not shown that the enforcement orders disrupt the *status quo* by requiring them to do anything more than they would have had to do absent the temporarily restrained agency actions, which are the subject of ongoing preliminary injunction briefing.

Consequently, Appellants have not met their burden of showing that the enforcement orders are appealable. It is

**FURTHER ORDERED** that, to the extent appellants request mandamus relief, that request be denied. Appellants have not established a "clear and indisputable right" to the writ. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004). It is

**FURTHER ORDERED** that the emergency motion for immediate administrative stay and for stay pending appeal be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                    **FOR THE COURT:**
                    Clifton B. Cislak, Clerk

BY:   /s/
      Amy Yacisin
      Deputy Clerk